**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

TYRONE COLLINS,                                                                    PLAINTIFF
ADC 111854

v.                                          3:20CV00139-JM-JTK

GARY MUSSELWHITE, et al.                                          DEFENDANTS

## <u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>

### <u>INSTRUCTIONS</u>

The following recommended disposition has been sent to United States District Judge
James M. Moody, Jr. Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection. If the
objection is to a factual finding, specifically identify that finding and the evidence that supports
your objection.    An original and one copy of your objections must be received in the office of the
United States District Court Clerk no later than fourteen (14) days from the date of the findings
and recommendations. The copy will be furnished to the opposing party. Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a
hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Tyrone Collins is a state inmate confined at the Grimes Unit of the Arkansas Division of Correction (ADC) who filed this pro se 42 U.S.C. § 1983 action, alleging several constitutional violations. (Doc. No. 2) By Order dated May 21, 2020, this Court granted Plaintiff's Motion to Proceed in forma pauperis and provided him the opportunity to amend his Complaint based on his failure to comply with FED.R.CIV.P. 8(a)(2). (Doc. No. 4, p. 3) When Plaintiff failed to comply, the Court recommended the Complaint be dismissed for failure to prosecute. (Doc. No. 8) That Recommendation was declined after Plaintiff filed a motion to file an Amended Complaint. (Doc. No. 12)

Following this Court's July 20, 2020 Order (Doc. No. 13), Plaintiff submitted an Amended Complaint, limiting his claim to a failure to protect claim against Defendants Musselwhite and Ramsay. (Doc. No. 14) However, after finding that his allegations failed to support a constitutional claim for relief, the Court provided him one final opportunity to amend to include "facts about any

2

threats he received, the source(s) of the threats, Defendants' involvement in his housing placements, and his current housing placement." (Doc. No. 15, p. 2) Plaintiff has now submitted a second Amended Complaint. (Doc. No. 16) Having reviewed such, the Court finds this case should be dismissed, for failure to state a claim upon which relief may be granted.

## II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).    In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Facts and Analysis

In his second Amended Complaint, Plaintiff complains that Defendants have made no attempt to place him in restrictive housing and that the restrictive housing at the Grimes Unit is not like other Units. However, he also states that he presently is housed in temporary restrictive housing, but complains Defendants are trying to force him back to general population every thirty days where they knowingly will place him into a dangerous life-threatening situation.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).    To support a claim of failure to protect, Plaintiff must allege facts to show that Defendants acted with deliberate indifference to a need to protect him from a substantial risk of harm. Curry v. Crist, 226 F.3d 974, 977 (8th Cir. 2000). However, the duty to protect requires only that prison officials "take reasonable measures to abate substantial risks of serious harm, of which the officials are aware." Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996). In this case, Plaintiff merely alleges a general fear of harm in general population.  Despite the Court's directions, however, he does not specifically allege that any individuals have threatened him with harm or that Defendants knowingly placed him in danger. Therefore, he does not state a constitutional claim for failure to protect.

Plaintiff also questions my impartiality in this case, based on my representation of him in a criminal matter in 2003 when I was employed with the Federal Public Defender's Office, and based on my rulings in prior civil rights cases he filed. To the extent that this is considered a request for recusal, I deny such. A judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The question is 'whether the

judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" <u>United States v. Dehghani,</u> 550 F.3d 716, 721 (8th Cir. 2008) (citation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." <u>Pope v. Federal Exp. Corp.,</u> 974 F.2d 982, 985 (8th Cir. 1992).

In this particular situation, Plaintiff is upset with my prior rulings and possibly with my past representation of him. I reviewed the record of my prior representation and find no reason to support Plaintiff's complaints of bias. Furthermore, Plaintiff provides no evidence to show I have animus toward him, or to show that I cannot faithfully and impartially make decisions based on the law and the facts.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1]The statute provides that a prisoner may not file an <u>in forma pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

4.      Plaintiff's Motion for Preliminary Injunctive Relief (Doc. No. 5) be DENIED.

IT IS SO RECOMMENDED this 13th day of August, 2020.


_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE